# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

ALVIN DEJUAN AIKENS                                                                                    PETITIONER
ADC #160951

v.                                              4:23-cv-00389-JM-JJV

DEXTER PAYNE, Director,
Arkansas Division of Correction                                                          RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

### DISPOSITION

I.  **BACKGROUND**

Petitioner Alvin Dejuan Aikens, an inmate at the Cummins Unit of the Arkansas Division of Correction, brings this *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 2.)  Raising twenty-nine grounds for relief, he challenges his convictions on an assortment of felony and misdemeanor charges in nine separate cases in the Circuit Court of

Pulaski County, Arkansas.[1]  (*Id*.)  I have conducted a preliminary review of Mr. Aikens's Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  Based on that review, I recommend the Petition be dismissed without prejudice.

II.     ANALYSIS

The instant Petition is a photocopy of a habeas corpus petition previously filed by Mr. Aikens and dismissed by this Court.  In *Aikens v. Doe*, No. 4:22-cv-01115-JM (E.D. Ark. Dec. 30, 2022), this Court dismissed Mr. Aikens's § 2254 petition because it was successive and Mr. Aikens had not obtained authorization from the United States Court of Appeals for the Eighth Circuit before filing it.[2]  Mr. Aikens was told he would have to obtain permission from the Eighth Circuit before filing a successive petition.  *Id*., Doc. No. 7.  Since then, he has filed a petition in the Eighth Circuit seeking authorization to file a successive petition; however, that petition has been denied.  *Aikens v. Payne*, No. 23-1481 (8th Cir. Apr. 17, 2023).  Therefore, the instant Petition must be dismissed for the same reason.

In accordance with 28 U.S.C. § 2244(b)(3), petitioners who have previously filed a federal habeas petition must first obtain authorization from the appropriate federal court of appeals before filing a second or successive habeas petition.  *Williams v. Hobbs*, 658 F.3d 842, 853 (8th Cir. 2011).  Without an order from the court of appeals authorizing the filing of a successive petition, the district court lacks jurisdiction to hear the petition.  *Burton v. Stewart,* 549 U.S. 147, 152-53, 157 (2007).  A court of appeals may authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements.  28 U.S.C. § 2244(b)(3)(C).  Specifically, claims

---

[1] The cases are 60CR-10-300, 60CR-11-1407, 60CR-11-1807, 60CR-11-1087, 60CR-12-232, 60CR-13-1339, 60CR-13-2710, 60CR-14-1353, and 60CR-11-1249.

[2] Mr. Aikens's first § 2254 petition was dismissed with prejudice on the basis that it was barred by the statute of limitations.  *See Aikens v. Kelly*, No. 5:17-cv-00288-JM (E.D. Ark. June 19, 2018).

asserted in a second or successive habeas petition that were not alleged in a previously filed habeas petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

*Id*. at § 2244(b)(2).

The language of § 2244(b) is binding, and prior authorization to file a second or successive habeas petition is an absolute requisite to this Court's authority to consider a petition. 28 U.S.C. § 2244(b)(3); *see also Williams*, 658 F.3d at 853 ("A 'second or successive' habeas petition requires authorization from a federal court of appeals prior to filing."). Section 2244(b)(3)(A) "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition" until the court of appeals has granted the petitioner permission to file one. *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). Because Mr. Aikens has not received authorization from the Eighth Circuit to file a successive habeas petition, this Court lacks jurisdiction over his claims.

### III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Mr. Aikens's § 2254 Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED without prejudice and the requested relief be DENIED.

DATED this 27th day of April 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE